H. H. LATHAM, Appellant, v. C. P. SHIPLEY, Appellee.

<table>
<tr><td>86</td><td>543</td></tr>
<tr><td>101</td><td>296</td></tr>
<tr><td>86</td><td>543</td></tr>
<tr><td>104</td><td>449</td></tr>
<tr><td>86</td><td>543</td></tr>
<tr><td>107</td><td>64</td></tr>
<tr><td>86</td><td>543</td></tr>
<tr><td>128</td><td>349</td></tr>
<tr><td>86</td><td>543</td></tr>
<tr><td>138</td><td>604</td></tr>
</table>

1. **Sales:** WARRANTY: EVIDENCE. The defendant, a resident of Iowa, purchased of the plaintiff, whose place of business was in Chicago, through correspondence, a second-hand ruling machine, which was represented in the plaintiff's price list as being in "first class order," and in his letters to the defendant as doing good work where last used, and as capable of doing the work of the defendant. *Held,* that said representations amounted, under the circumstances, to a warranty that the machine was in good order, would do good work, and the work of the defendant.

2. ——: ——: BREACH: WAIVER. After said machine had been delivered, the defendant consented that a sight draft might be drawn upon him for the purchase price if the plaintiff would agree to furnish certain parts for the machine which were found to be defective, and such parts were furnished by the plaintiff, and the draft paid. *Held,*

that the defendant did not thereby waive his right to recover under said warranty for defects afterwards discovered, if a waiver was not intended.

3. ———: ———: ———: DAMAGES: TESTIMONY OF EXPERTS. One who was shown to have a practical knowledge of such machines from his avocation as a printer, and to know something of their value from price lists, *held*, to be competent to testify as to the value of the machine in question, there being no evidence that machines possessing the same defects were so common as to be considered in fixing prices, nor that they had a fixed market value in Chicago.

4. ———: ———: ———: EVIDENCE. There being evidence tending to show that the machine did good work when shipped to the defendant at the point of delivery under the contract, *held*, that it would not be presumed that the defects complained of were caused by anything which happened to the machine while in the custody of the carrier.

*Appeal from Cerro Gordo District Court.*—Hon. J. C. Sherwin, Judge.

Saturday, October 22, 1892.

Action to recover for merchandise sold and delivered. The defendant seeks to recover on a counterclaim for breach of warranty in the sale of a ruling machine. There was a trial to the court, and judgment in favor of the defendant. The plaintiff appeals. *Affirmed.*

*Blythe & Markley* and *Cliff P. Smith*, for appellant.

*Stanberry & Clark*, for appellee.

Robinson, C. J.—The claim of the plaintiff is for fifty dollars and sixty cents on account of certain printers' and bookbinders' supplies, and is not denied. The defendant alleges that in March, 1890, the plaintiff sold and delivered to him a Hickock ruling machine, with certain attachments, at the agreed price of two hundred and twenty-five dollars; that he paid for the machine before he had any opportunity to examine it; that the plaintiff represented, warranted,

and guarantied the machine, with appurtenances, to be in good order, capable of doing good work, and of doing the work of the defendant in his job printing and bookbinding office at Mason City, and that it should be put in first-class order; that the representations were false, and that the machine was not as it was warranted to be; that the defendant has been damaged, by reason of the false representations and breach of warranty, in the sum of one hundred and fifty dollars, for which judgment is asked. The reply contains a general denial, and avers that the defendant paid for the machine after he had received and examined and tried it. The district court rendered judgment in favor of the defendant for ninety dollars and costs.

I. The appellant insists that the machine was sold without a warranty. The plaintiff was engaged in

1. SALES:
   warranty:
   evidence.

business at Chicago, and the defendant at Mason City, in this state. The agreement for the purchase of the machine was made by correspondence. January 24, 1890, the plaintiff wrote to the defendant as follows: "Your favor at hand, and I inclose you one of my second-hand lists, and shall be pleased to hear from you when you receive it. I have only one ruling machine now in my store, but just traded in a nice one at Milwaukee, which I can furnish you, with column striker in good order, for two hundred and twenty dollars. * * *" The price list inclosed was dated February 1, 1890, and contained the following:

"Second-hand list. Printers' and bookbinders' machinery for sale by W. H. Latham, Chicago, Illinois. * * * Bookbinders' machinery: * * * 1 36-inch Hickock ruling machine, Springfield striker, $225. * * * All of the above machinery has been or will be thoroughly overhauled in my shops, and put in first-class order, guarantied."

Opposite the machine described was a check mark. February 5, 1890, the plaintiff wrote to the defendant as follows: "Yours of the fourth at hand. In reply, would say that I can furnish you a 36-inch, which I think is a 38-inch, Hickock ruler, which is now at Milwaukee, for $225, with lay-boy, new cloths, all in first-class order. * * * You have our catalogue. * * *" On the sixth day of March, 1890, the plaintiff wrote the defendant as follows: "Your favor at hand. I still have the ruling machine referred to in a previous letter, and would furnish you the machine for $200 cash, or $225 time. * * *" March 12, 1890, the plaintiff wrote to the defendant as follows: "Your favor is at hand. I still have (as you know by previous letter, in which I made you propositions) the Milwaukee machine. This machine was doing good work in the *Sentinel* office, Milwaukee, until they put in a new machine; and the reason they are putting in a new machine is, because they require a wider one, and they put in a 54-inch; and the machine I refer to will certainly do your work. * * *" Other letters passed between the parties, but they are not material to a determination of the question under consideration. The Milwaukee machine was the one purchased by the defendant. The district court was authorized to find that it was the one described in the February list. The statements in the letters of the plaintiff with reference to it cannot be treated as mere expressions of opinion in regard to a matter concerning which the defendant was required to exercise his own judgment. He had not seen the machine, and relied wholly upon the plaintiff's statements in regard to it. That fact the plaintiff knew, and therefore his statements should be treated as representations of existing facts, and a part of the agreement. His letter of March 12, 1890, indicates a knowledge on his part of the work which the machine was expected to do, and there was an

implied, if not express, warranty, that the machine furnished would do that work. *Blackmore v. Fairbanks, Morse & Co.*, 79 Iowa, 288. It was not necessary that there should be a warranty in specific terms. *Callanan v. Brown*, 31 Iowa, 338; *Jack v. Des Moines & F. D. Railway Co.*, 53 Iowa, 401; *Forcheimer v. Stewart*, 65 Iowa, 598; *Copas v. Anglo-American Provision Co.*, 41 N. W. Rep. (Mich.), 691; 2 Sutherland on Damages, 409. We conclude that the district court was authorized to find that the machine was sold with a warranty that it was in good order, and would do good work, and the work of defendant. The evidence as to the condition was conflicting, but the conclusion of the court below, that there was a breach of the warranty, finds ample support in the evidence.

II. It is said that, if there was a warranty, the defendant, with full knowledge of the defects, waived them. It appears that, when the machine was shipped, the plaintiff asked permission to draw a sight draft on the defendant for the purchase price. When the machine was received it was found that the beam was defective, and the cloths were old. The defendant wrote to the plaintiff that he might draw for the purchase price if he would send or agree to furnish new cloths and a beam within a reasonable time. The articles were sent, and the price was paid, but it was afterwards found that there were defects in the machine not known when the request for new cloths and beam was made. There is nothing to indicate any intention on the part of the defendant to waive all claims for defects if the articles demanded should be furnished. The facts appear to be that the defects of which complaint is now made were not discovered sooner, for the reason that the machine could not be made to work well with the beam and cloths first sent, and it was supposed that

*2. —— · ——:*
breach:
waiver.

new ones would remedy all defects. It was the right of the defendant to retain the machine, and to recover damages which he may have sustained by reason of the breach of warranty. *Upton Manufacturing Co. v. Huiske*, 69 Iowa, 560. And by demanding new attachments or parts to replace those known to be defective, and by paying the purchase price, the defendant did not waive his right to recover for defects afterwards discovered, if he had no intention to do so. *Toledo Sav. Bank v. Rathmann*, 78 Iowa, 290. See, also, *Canning Co. v. Metzger*, 23 N. E. Rep. (N. Y. App.) 372; 16 Amer. St. Rep. 753, and note. The evidence justified the trial court in finding that there was no error.

III. Objection was made to testimony given by two witnesses in regard to the value of the machine. It is said that they were not qualified to testify, and that their testimony was incompetent. One of the witnesses showed a practical knowledge of such machines, acquired in his avocation of a printer, and stated that he knew something of their value from the price lists sent out monthly by the plaintiff, and from his catalogue. The other witness was a bookbinder, and had ruled blank books. He had a practical knowledge of ruling machines, and knew something of their value, although he did not know their exact value in Chicago. We are of the opinion that a sufficient foundation for the admission of their testimony was laid, although it might not have been entitled to as much weight as it would have been had their knowledge been greater. See *Tubbs v. Garrison*, 68 Iowa 48; *Lanning v. Chicago, B. & Q. Railway Co.*, 68 Iowa 503; *Gere v. Council Bluffs Insurance Co.*, 67 Iowa, 275; *State v. Finch*, 70 Iowa, 317; *Winklemans v. Des Moines; N. W. Railway Co.*, 62 Iowa, 15; *Sadler v. Bean*, 37 Iowa, 440; *Smalley v. Iowa Pac. Railroad Co.*, 36 Iowa,

571. It is said the machine was to be delivered by plaintiff in Chicago, and therefore that the value of such machines in that city should have been shown. It would be difficult, if not impossible, to ascertain the value of a defective machine by showing prices of other machines in the market, unless the defect is so common as to be considered in fixing prices. It is not shown that there was any fixed market price in Chicago or elsewhere for such a machine as the one in controversy proved to be, and from the nature of the case its value must be ascertained from estimates made by persons having a general knowledge of ruling machines. The value of the machine, had it been as represented, was shown by the price for which it was sold and the price lists of plaintiff, as well as by the testimony of witnesses. *Buford v. McGetchie*, 60 Iowa, 299; *Chambers v. Brown*, 69 Iowa, 218; *Hallam v. Todhunter*, 24 Iowa, 168; 2 Sutherland on Damages, 376. We are of the opinion that the witnesses in question were shown to be so far competent to make the necessary estimate of value that their testimony was admissible.

IV. It was shown that the machine could not be made to do good work. There was evidence which tended

4. —: —: —:    to show that it did good work before it
evidence.    was shipped, and the plaintiff contends

that he delivered it in good condition to the carrier, and that he is not responsible for any injury done to it while in the custody of the carrier. But there is no evidence that the defects in question were caused by anything which happened to the machine after it was delivered to the carrier and before it was delivered by the latter to the defendant, and we cannot presume that such was the fact. The evidence supports the judgment of the district court, and the record discloses no errors which authorize a reversal. AFFIRMED.