STATE of Iowa, Appellant,

v.

Donald URBANEK, Appellee.

No. 53858.

Supreme Court of Iowa.

May 5, 1970.

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellant.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellee.

REES, Justice.

Appellant, State of Iowa, brought action to recover for property damage to its bridge on U. S. Highway No. 61 in Zwingle, Iowa, as consequence of appellee's truck colliding with bridge. This cause was tried to a jury. Appellee's motion to direct made at close of plaintiff's case was sustained, and appellant's motion for new trial was overruled. We affirm.

Three witnesses were called and examined by appellant, the deputy sheriff who investigated the accident, the resident maintenance engineer for the Iowa highway commission, and the appellee called by the appellant as an adverse witness. The deputy sheriff testified as to observations made by him at the accident scene on July 8, 1965. The appellee testified as to certain of the facts and circumstances immediately prior to and at the time of the happening of the accident and identified certain photographs introduced as exhibits. The engineer for the Iowa highway commission testified that shortly after the 8th day of July, 1965, the date on which the accident occurred, he inspected the bridge in question, and determined that both immediate temporary repairs were needed to keep the bridge in service and that permanent repairs would be required before it could be opened to regular traffic. He testified the temporary repairs were made at a total cost of $1512.03. He further testified the permanent repairs were made by a contractor at a cost of $5400.00, and based upon his experience as an engineer the cost of making the temporary repairs was fair and reasonable. He did not so testify with respect to the contract price for the making of the permanent repairs. Later, in his testimony he indicated the cost of making the temporary repairs included the cost of certain signs in the amount of $336.20, which could have been used again, and it was then conceded by counsel for appellant the sign cost should not be submitted to the jury, and the cost of temporary repairs was thereby reduced to the sum of $1175.83.

There was no proof of the value of the bridge immediately before the damage to it, nor immediately after, nor was any proof offered that the repairs made merely restored the property to its former condition immediately before the accident. At the close of plaintiff's case, the appellee moved for dismissal or a directed verdict under the provisions of Rule 216, Rules of Civil Procedure, on the grounds (1) plaintiff had failed to prove the elements of its case by a preponderance of the evidence, (2) there was no evidence in the record of the condition of the bridge or its value prior to the accident, and the proper measure of damages is the fair and reasonable value of the cost of repairs to place the bridge in the condition it was in immediately prior to the accident, but not to exceed the value of the bridge, and there was no evidence in the record of the condition of the bridge prior to the accident, (3) if the cost of repairs is equal to or greater than the value of the bridge prior to the accident, then the amount recoverable is the value of the bridge, and the record disclosed nothing as to the value of the bridge and there had been no competent evidence that it would cost less to repair the bridge than to replace it with a new bridge, and (4) there was no competent evidence showing the repairs that were reportedly made were necessary as the result of the accident of July 8, 1965, or the damage to the bridge was caused by the truck operated by the appellee. The court overruled appellee's motion and the appellee proceeded to introduce evidence. After the appellee had testified and had

been excused from the witness stand, the court indicated to counsel he would reconsider the motion to direct or to dismiss dictated into the record and sustained the motion on the first three grounds thereof. Appellant moved for a new trial, asserting (1) the verdict was contrary to law, (2) the court erred in directing a verdict against the appellant, and (3) the appellant had sustained its burden of proof in regard to the elements of damage in the case. The motion for new trial was overruled as to each and every ground thereof.

The appellant advances two propositions to justify a reversal: the proper measure of damages in a situation involving a structure such as a bridge is the cost of restoring it to its condition prior to the accident, and secondly, if property has no market value the actual or intrinsic value thereof may be shown by any facts which fairly tend to show such value.

 In explanation of the omission in its proof as to the value of the bridge, either before or after the happening of the accident, the appellant says highway bridges have no market value, or had no market value at the time and place of the accident. This point may be conceded, but without relation to the issue of value; if appellee was unable to prove either market value or actual value, it was required to show at least the repairs did not restore the property to a better condition than it was before the accident. Union City Transfer Co. v. Texas & N. O. Ry. Co., Tex.Civ. App., 55 S.W.2d 637, 638. While the reasonable cost of repairs is always admissible on the question of damages, yet as the repairs may render the damaged property more valuable than it was before the injury, he who causes the injury is not required to bear the full expenditure for the repairs, but is only liable for the difference in the market price of the article before and after the injury. Robson v. Zumstein Taxicab Co., 198 Ky. 365, 248 S.W. 872, 873.

 The bridge in question was admittedly a structure which had been in use for many years; the evidence tended to establish it may have been built as early as 1917, and reconstructed about 1930 or thereafter. It was of a type known as a pony-truss bridge and was 17 feet one inch in width. At the time of the trial in the court below, the bridge was no longer in existence as it had been replaced by a new structure as a result of a relocation of the highway. It is the contention of the appellant that even if the court should require the value of the bridge before the accident be established in order to entitle appellant to recover, there is sufficient evidence in the record for the jury as a trier of fact to find such value. Appellant contends that because of the fact the resident engineer for the highway commission testified the bridge had a 17 foot paved runway with a walk along one side, and was built some time between 1917 and 1930, was a part of the primary road system and an integral part of a U. S. highway, and pictures of the damaged bridge were in the record, the jury from such established facts was in a position to fix a value of the bridge prior to the happening of the accident. We cannot agree with the position of the appellant. This court has not had occasion heretofore to inquire into the matter of the measure of damages for bridges which had been destroyed or partially damaged as the consequence of collisions or otherwise, and must look to the accepted rules for the proof of damages to property generally. The general rule in Iowa for repairs or for replacement is the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss or damage. Had the bridge been totally destroyed, the limitation of recovery would be the fair and reasonable market value, and if no market value could be established, the actual or real value, and if the property is repairable and the cost of repairs exceeds the market value, (or in the event no market value can be established, the real

or actual value) recovery is limited to such before-accident value. This rule has been repeatedly stated by this court. See Latham v. Shipley, 86 Iowa 543, 548, 53 N.W. 342; McMahon v. City of Dubuque, 107 Iowa 62, 64, 65, 66, 77 N.W. 517; Langham v. Chicago, R. I. & P. Ry. Co., 201 Iowa 897, 900, 901, 208 N.W. 356; Britven v. Occidental Ins. Co., 234 Iowa 682, 686, 687, 13 N.W.2d 791 and cases cited therein; Brown Mfg. Co. v. Crouse, 251 Iowa 594, 602, 102 N.W.2d 154; Woode v. Kabela, 256 Iowa 622, 626, 128 N.W.2d 241; Johnson v. Scott, 258 Iowa 1267, 1270, 142 N.W.2d 460.

Appellant places particular reliance on the following cases: Watson v. Mississippi River Power Co., 174 Iowa 23, 156 N.W. 188; Grell v. Lumsden, 206 Iowa 166, 220 N.W. 123, and McCune v. Muenich, 255 Iowa 755, 124 N.W.2d 130.

Watson, supra, involved damages to a building resulting from blasting in construction of a dam across the Mississippi River. At page 38 of the Iowa report, at page 194 of 156 N.W. this court said,

"The court instructed the jury that, if found entitled to recover, the plaintiff's measure of damages was the reasonable cost of restoring the injured buildings to the condition they were in immediately before the injury thereto. This is said to be an incorrect statement and that the true measure is the difference between the fair value of the property immediately before and immediately after such injury.

"The measure of damage for injury to real property is not invariable, and there may be circumstances under which either of the rules stated would be applicable. The rule stated by appellant is more often applied where the damage is permanent or cannot well be expressed in specific items of injury capable of easy repair or remedy, but does affect in some substantial degree the value of the entire property as a unit. But, where the injury is susceptible of remedy at moderate expense, and the cost of restoring it may be shown with

reasonable certainty, the rule given the jury by the trial court is entirely proper."

Grell, supra, involved a claim for damages to lands consequent to a mining operation by defendant-owner of mineral rights underlying the plaintiff's lands. At page 170 of the Iowa report, at page 125 of 220 N.W. the court said,

"[Since] the true measure of damages in all cases is the one that will allow compensation for the injury suffered, the applicable rule must be determined upon the basis of the facts to be considered." The court went on to say, "The measure of damages caused by the mining operations of appellant was the difference in the market value of the land immediately before and immediately after such mining operation, * * *."

McCune v. Muenich, supra, involves considerable damage to real property caused by a gravel truck striking a building following an intersection collision between a truck and an automobile. Both before and after cost values appeared in the record in the McCune case, at page 758 of the Iowa report, 124 N.W.2d 130.

We are unable to conclude that the Watson, Grell or McCune cases relieve the appellant from producing some evidence of value in order to be entitled to recover. No testimony as to the value of the bridge appears in the record.

The supreme court of Michigan has passed upon the question of measure of damages in two cases involving damages to highway bridges, namely, Board of Jackson County Road Commissioners v. O'Leary, 326 Mich. 570, 40 N.W.2d 729, and Ziegler v. Predmore, 341 Mich. 639, 68 N.W.2d 130. In Board of Jackson County Road Commissioners v. O'Leary, supra, the court said, at page 732 of 40 N.W.2d,

"The measure of damages in the instant case is the cost of repairing the bridge to make it as serviceable and good for plaintiff's purposes as it was before the accident, if such cost is less than the en-

tire bridge was worth to the plaintiff as it stood before the accident. If the cost of repair is the same or greater than the value of the whole bridge to plaintiff as it stood before the accident, the measure of damages is the value of the bridge to plaintiff as it stood before the accident." This rule was reiterated by the Michigan court in the Ziegler case, supra, at p. 131 of 68 N.W.2d.

Appellant cites as authority for his position 25 C.J.S. Damages § 85, p. 929 and 25A C.J.S. Damages § 157, p. 57. At page 931 of 25 C.J.S. we find the following,

"The measure of damages may be the cost of restoration or repair where the building or other structure can be restored to substantially the condition it was in prior to the injury, at least where such cost is less than the diminution in the value of the structure, or is less than its value before the damage was inflicted, * * *."

At page 57 of 25A C.J.S., we find the following, "In establishing the actual or intrinsic value of property which has no market value or which is of such a character that its market value does not afford due compensation to the owner, wide latitude in the evidence is permissible, and resort may be had to any facts which fairly tend to show such actual value at the time and place of loss, destruction, or injury. * * * In determining the actual or intrinsic value of property which does not have a market value, or its value to the owner, it has been held proper to admit evidence showing the original cost, the cost of restoration or replacement, the age of the property, its use and utility, and its condition."

We reach the conclusion that the proof offered by the appellant fell short of the requirements to meet any of the recognized tests as to measure of damages. We feel as did the trial court that the rule as announced in Ziegler v. Predmore, supra, and in Board of Jackson County Road Commissioners v. O'Leary, supra, is the proper one to be applied to the measure of damages, and that on the record which was before the trial court and is now before us, we cannot surmise that the value of the bridge prior to the accident measured by any standard was greater than the demonstrated cost of repair. Indeed, as the trial court indicated, if surmise were to be indulged in, the inference might be justified that its value may have been considerably less.

The plaintiff failed to establish an essential element of proof to enable it to recover.

We find no reversible error, and affirm the trial court.

Affirmed.

All Justices concur, except MASON, BECKER and LeGRAND, JJ., who concur in the result.