## Northampton v. DeBerardinis

*Wesley M. Wasylik,* for Northampton County.
*Michael P. Shay,* for defendant.
*Robert C. Brown, Jr.,* for additional defendant.

VAN ANTWERPEN, *J.,* October 14, 1983 — On or about May 29, 1979, defendant, Attilio F. DeBerardinis, was involved in an accident in which his vehicle struck an abutment of Bridge No. 77, located in Plainfield Township, Northampton County, Pa., causing the bridge to collapse. In this action, plaintiff, County of Northampton, seeks to recover damages for the destruction of the bridge and contends that it is entitled to damages in the sum of $196,167.13 for the actual cost of construction of a new bridge and engineering costs in the sum of

$18,591.90. This matter is now before the court on defendant's motion in limine and amended motion in limine that plaintiff not be permitted to assert a claim for damages in this action for the cost of replacement of the destroyed bridge.

In Pennsylvania, where the property destroyed is a building, the measure of damages is the actual value of the building itself, taking into consideration its age, condition and any other circumstances affecting it, minus anything salvaged from it. Where repairs are possible, however, the measure of damages is the cost of repairs not exceeding the value of the building immediately prior to the injury. Jones v. Monroe Electric Co., 350 Pa. 539, 39 A.2d 569 (1944).

Unfortunately for the circumstances of the instant case, Pennsylvania has never yet had to resolve the issue of the measure of damages for the partial or total destruction of a bridge. Other jurisdictions, however, have had to decide this issue. In Com. Dept. of Highways v. Pine Coal Co., 414 S.W.2d 134, 136 (Ky. 1967), a Kentucky court held: "Damages should be limited to the fair and reasonable value of the bridge destroyed." Two Iowa decisions are also on point. In State v. Urbanek, 177 N.W.2d 14 (Iowa 1970), the Iowa court, like this court, began with the admission that it had never before had to address the question of the measure of damages for injury to a bridge. It then proceeded to look to the general principle in Iowa for repairs or replacement which was: "the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss of damage." Id. at 16. The bridge in Urbanek had been damaged but not totally destroyed. The court, however, went on to formulate the measure of damages for a bridge that had been demolished by an acci-

dent; "Had the bridge been totally destroyed, the limitation of recovery would be the fair and reasonable market value, and if no market value could be established, the actual or real value . . . ." Id.

Determining the market value of a bridge may be no easy matter. In the event that none can be determined for the bridge in the instant case, the factors considered in Schmitter v. Kauffman, 274 N.W.2d 723 (Iowa 1979) may prove of assistance. In Schmitter, an overweight truck caused the collapse of a bridge. The Iowa appellate court affirmed the trial court's determination of $7,500 damages for the actual value of the bridge prior to the accident. In its opinion, the appellate court referred to the testimony in the record made by the trial court. This testimony contained a number of factors used in determining the actual value of the bridge. These included: the condition of the bridge prior to its destruction, its age and original cost of construction, repairs and replacements that had been made to the bridge's floorings and stringers, the natural deterioration of the steel components of the bridge during the years since its construction, the fact that the bridge had been damaged beyond repair, the opinion evidence of expert witnesses as to cost of replacement by a new bridge of the same type, the fact that such type of bridge construction was obsolete, opinion evidence as to the value of the bridge prior to its destruction, the lack of a "market value" for such a bridge, and the limited use and utility of the bridge to the public generally (Schmitter's bridge served only the land of some remotely-located farmers.) Id. at 725.

Although the cost of replacement far exceeded the actual value prior to destruction, the only amount recoverable by the plaintiff in Schmitter was the $7,500.

We recognize that authority from other jurisdictions is persuasive authority only and is not binding upon the courts of this Commonwealth. Yet, we find the reasoning of those courts which have had to deal with this perplexing problem both cogent and helpful. Accordingly, we find that the measure of damages to be applied in the instant case to be either the market value of the bridge or, if no market value can be determined, then the actual value of the bridge immediately prior to its destruction. The court may take into consideration in this regard the factors considered by the trial court in Schmitter v. Kauffman, 274 N.W.2d 723 (Iowa 1979).

Wherefore, we enter the following

## ORDER OF COURT

And now, October 14, 1983, defendant's motion in limine and amended motion in limine to determine the measure of damages for the destruction of a bridge is hereby granted, consistent with the foregoing opinion.