# IN THE COURT OF APPEALS OF IOWA

No. 13-0448
Filed April 30, 2014

**STATE OF IOWA,**
        Petitioners-Appellants,

**vs.**

**JACOB WAYNE LEUSINK,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Osceola County, Frank B. Nelson,

Judge.

        Defendant appeals the restitution order entered by the district court.

**REVERSED AND REMANDED WITH DIRECTIONS.**

        Craig H. Lane of The Craig H. Lane Law Offices of Sioux City, for

appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, and Robert Hansen, County Attorney, for appellee.

        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Jacob Leusink appeals the restitution order entered by the district court following his conviction for reckless use of fire. Leusink maintains the district court erred in imposing an obligation of $119,966—the total amount to build a new wooden bridge in place of the one he destroyed. He also maintains the court erred by establishing a repayment plan that was unreasonable. Because we find the district court erred by not finding the value of the bridge immediately prior to the loss and limiting the restitution award accordingly, we reverse and remand with directions.

**I. Background Facts and Proceedings.**

On June 2, 2011, Leusink was charged with arson in the second degree for burning down a wooden bridge located in Osceola County. On June 15, 2012, Leusink entered a guilty plea to the reduced charge of reckless use of fire. The district court accepted his guilty plea and sentenced Leusink to one year in county jail, with all but ten days suspended. The court also imposed a fine and ordered Leusink to pay restitution to the county in the amount of $119,966.

On July 16, 2012, Leusink filed an application for restitution hearing. In his application, Leusink contested the amount of restitution determined by the court to be the cost associated with building a new bridge instead of the value of the bridge that was destroyed in the fire.

The court held a restitution hearing on February 8, 2013. Following the hearing, the court entered an order denying Leusink's request to modify the restitution award. Leusink appeals.

**II. Standard of Review.**

We review the trial court's restitution order for correction of errors at law. *State v. Paxton*, 674 N.W.2d 106, 108 (Iowa 2004). We are bound by the district court's findings of fact so long as they are supported by substantial evidence. *Id*.

**III. Discussion.**

Leusink contends the district court erred by imposing an obligation of $119,966, the total amount it would cost to build a new wooden bridge. He notes the bridge that was destroyed was built in 1933, although some repairs had been made in 2010, and argues the general rule for determining restitution is the "fair and reasonable cost of replacement or repair, *but not to exceed the value of the property immediately prior to the loss or damage*." *State v. Urbanek*, 177 N.W.2d 14, 16 (Iowa 1970) (emphasis added). Our supreme court has elaborated upon the purpose of this rule in stating:

> The rationale for this general rule is traced to the fundamental purpose of damages to place the injured party in as favorable a position as though no wrong had been committed. If the cost of repairs were recoverable when it exceeds the value of the property, then the plaintiff could be placed in a better position.

*Ag Partners, L.L.C. v. Chicago Cent. & Pacific R.*, 726 N.W.2d 711, 716 (Iowa 2007) (internal citations omitted).

In *Vlotho v. Hardin County*, 509 N.W.2d 350, 357 (Iowa 1993), our supreme court specified how the court is to determine the value of a bridge immediately prior to loss or damage, because "[d]amages for the destruction of a public structure like a bridge cannot be determined by a reference to market value." Instead of using market value, the court is to use "the actual or real value approach to establish value to the owner. Relevant evidence to prove actual or

real value includes original cost, the age of the property, its use and utility, its condition, and the cost of restoration or replacement." *Vlotho*, 509 N.W.2d at 357.

Here, the district court erred by not finding the real or actual value of the bridge immediately prior to the loss or damage. Rather, the court determined Leusink owed the full amount to build a new wooden bridge without considering the original cost, age, use, utility, and condition of the destroyed bridge as provided in *Vlotho*. Although "a plaintiff may recover a total damage award greater than the pre-accident value of the property when 'special items of damages' have been suffered by the plaintiff," no such claim was made in this case. *See Ag Partners*, 726 N.W.2d at 716.

Thus, we reverse the district court's restitution award. We remand with directions for the court to determine the actual or real value of the bridge immediately prior to destruction and to limit the award accordingly to ensure it does not create a windfall for the county. *See Urbanek*, 177 N.W.2d at 16-17 ("Had the bridge been totally destroyed, the limitation of recovery would be the fair and reasonable market value, and if no market value could be established, the actual or real value, and if the property is repairable and the cost of repairs exceeds the market value, (or in the event no market value can be established, the real or actual value) recovery is limited to such before-accident value.").

Because we reverse the district court's restitution award, we do not address Leusink's claim that the repayment plan was unreasonable.

**REVERSED AND REMANDED WITH DIRECTIONS.**