# IN THE COURT OF APPEALS OF IOWA

No. 16-1695
Filed February 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HAL CHARLES RUNNER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Annette J. Scieszinski, Judge.

A defendant challenges his convictions and sentences for assault with intent to inflict serious injury and criminal mischief in the second degree as a habitual offender. **AFFIRMED IN PART AND REMANDED.**

Eric D. Tindal of Keegan Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Tabor, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Hal Runner appeals his convictions and sentences for assault with intent to inflict serious injury and criminal mischief in the second degree as a habitual offender. On appeal, he argues the trial court failed to state sufficient reasons for his sentence, insufficient evidence was presented as to the valuation of the victim's vehicle, his trial counsel was ineffective for failing to object to a jury instruction about valuation and for failing to present evidence at trial on valuation, and the trial court erred in ordering restitution concerning the vehicle.

## I. Background Facts and Proceedings

Runner and Michele McCurry were living together as a couple until separating in August 2014. When they separated, there was a no-contact order in place between them. Nonetheless, the two did meet in person on September 23.

What happened at that meeting is a matter of dispute. Credible evidence suggests that an argument turned physical. McCurry admitted to hitting Runner's vehicle with her vehicle. Runner also admitted to hitting McCurry's vehicle with his vehicle. He admitted to pushing her down. Both parties agreed Runner hit or bumped McCurry's driver's side door.

Runner was charged with attempted murder, in violation of Iowa Code section 707.11 (2013), and domestic abuse assault by impeding airway causing bodily injury, in violation of section 708.2A(1) and 708.2A(5). Runner pled not guilty.

At trial, Caleb Schaffner, the owner of an auto repair center, testified on valuation of McCurry's vehicle. Schaffner estimated the cost to repair her vehicle was approximately $3000. He testified he found vehicles of the same make and

model online for "anywhere between $1800 and $2400 depending on the condition and mileage."

Following amendment of the trial information in advance of trial, four charges were submitted to the jury: attempted murder (count I), domestic abuse assault by strangulation (count II), domestic abuse assault while using a dangerous weapon (count III), and criminal mischief in the second degree (count IV). The jury found Runner guilty of the lesser included offense of assault with intent to inflict serious injury (count I), domestic abuse assault (count III), and criminal mischief in the second degree (count IV). The jury found Runner not guilty of domestic abuse assault by strangulation (count II). McCurry later submitted a statement claiming pecuniary damage of $1500.

Following trial, Runner filed a motion for new trial and motion in arrest of judgment. His motion in arrest of judgment was granted in part after the district court found his right to speedy trial was violated as to count III. That conviction was vacated. Runner was sentenced to consecutive prison terms of two years (count I) and fifteen years (count IV). He was ordered to pay restitution in the amount of $1500.

Runner now appeals.

## II. Sentencing

Runner contends the district court failed to state adequately its reasons for (a) sentencing him to prison and (b) imposing consecutive, rather than concurrent, terms of imprisonment. We review a district court's sentence for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). A district court abuses

its discretion when it "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

A court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Runner contends the district court failed to do so, and the State agrees. We remand for resentencing to allow the court to state on the record its reasons for imposing the sentence it did.

## III. Valuation

Criminal mischief in the second degree is criminal mischief where "the cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed exceeds one thousand dollars but does not exceed ten thousand dollars." Iowa Code § 716.4(1). Runner contends there was insufficient evidence to establish the value of the damaged property here—McCurry's vehicle. Moreover, he contends his counsel was ineffective in failing to object to the jury instruction concerning valuation and in failing to present evidence on said valuation.

### A. Sufficiency of the Evidence

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). A verdict is supported by substantial evidence if the record reveals evidence from which a "rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt." *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). The evidence is viewed in the light most favorable to the verdict, including all reasonable inferences that may be deduced from the record. *State v. Gay*, 526 N.W.2d 294, 295 (Iowa 1995).

The parties cite different authority on the method of computing the measure of damages. Each cites to civil tort law damage cases.

Runner asserts that "[t]he general rule in Iowa for repairs or for replacement is the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss or damage." *State v. Urbanek*, 177 N.W.2d 14, 16 (Iowa 1970); *accord State v. Hamma*, No. 11-0236, 2011 WL 3689154, at *1 (Iowa Ct. App. Aug. 24, 2011) (applying same standard in criminal mischief context); *State v. Stull*, No. 04-0696, 2005 WL 724160, at *3 (Iowa Ct. App. Mar. 31, 2005) (same).

None of the cited cases deal with automobiles. The State contends different rules apply for automobiles:

> (1) When the motor vehicle is totally destroyed or the reasonable cost of repair exceeds the difference in reasonable market value before and after the injury, the measure of damages is the lost market value plus the reasonable value of the use of the vehicle for the time reasonably required to obtain a replacement.
> (2) When the injury to the motor vehicle can be repaired so that, when repaired, it will be in as good condition as it was in before the injury, and the cost of repair does not exceed the difference in market value of the vehicle before and after the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the vehicle for the time reasonably required to complete its repair.
> (3) When the motor vehicle cannot by repair be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value before and after the injury, plus the reasonable value of the use of the vehicle for the time reasonably required to repair or replace it.

*Long v. McAllister*, 319 N.W.2d 256, 261 (Iowa 1982). The State contends the first measure of damages under *Long* is appropriate here because the vehicle was totally destroyed and the reasonable cost of its repair exceeded its reasonable market value. In this case there was no trial evidence of loss of use damages nor

of any salvage value. On this trial record, the parties' proposed measures value for determining degree of criminal mischief seem the same.

Testimony established that McCurry purchased the vehicle for $1500 no more than five months prior to the incident. She had been in an accident in the interim, hitting a tree. Schaffner's testimony about repairing the vehicle was based on photographs of the vehicle and his online research that showed similar vehicles ranging in price from $1800 to $2400. He estimated the cost of repairing the vehicle would be $3000.

Runner offers no alternative valuation. Instead, he argues "Schaffner clearly established that the cost of repairs exceeded the value of the vehicle at the time the incident occurred." This may be so, but the jury's valuation of the cost of repairing the vehicle need not be Schaffner's $3000 to justify the jury's verdict— the valuation need only exceed $1000. Sufficient evidence established this fact. We will not disturb the criminal mischief conviction.

## B. Ineffective Assistance

We review claims of ineffective assistance of counsel de novo. *State v. Martin*, 704 N.W.2d 665, 668 (Iowa 2005). To prevail, Runner must establish trial counsel failed to perform an essential duty and that he was prejudiced by counsel's failure. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). Counsel breaches an essential duty if counsel's performance falls outside the range of normal competency. *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). Counsel is presumed to have acted competently. *DeVoss v. State*, 648 N.W.2d 56, 64 (Iowa 2002). On the prejudice prong, Runner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Ineffective-assistance claims are generally preserved for postconviction-review proceedings, but we may address them "when the record adequately presents the issues." *State v. Thornton*, 498 N.W.2d 670, 675 (Iowa 1993).

### 1. Jury Instruction

Runner contends his counsel was ineffective in failing to challenge the jury instruction on criminal mischief. Runner argues that "it was improper for the jury to consider the cost of repairing or replacing the car" because the car was totaled; in his view, the jury "was required to determine the value of the vehicle on [the day of the incident] as the proper valuation for assessing the degree of criminal mischief."

The jury instruction given provided:

> If you find that the State has proven that Hal Charles Runner committed criminal mischief, you must then determine the degree of criminal mischief and report your decision on the verdict form.
> The State must prove the cost of repair or replacement of Michele McCurry's car that was damaged. The following are the different degrees of criminal mischief for your consideration.
> . . . .
> 4. Criminal mischief in the second degree occurs when the cost of repairing or replacing the property is more than $1000 but not more than $10,000.

Runner asserts the *Urbanek* language should have been included to clarify the meaning of the phrase "cost of repair or replacement." 177 N.W.2d at 18.

As noted above, the parties suggest cite different civil property damage authorities for calculating the degree of criminal mischief. Here, the jury was given an instruction on the issue that tracked the statutory language. We do not

think either *Urbanek* or *Long* rules for civil-damage setting provide a proper method under section 716.4 to determine degree of guilt. The argument to import civil property damage law into this criminal statute would be more persuasive if the statute set the degree of guilt based on "the amount of damages caused." Here, the statute authorizes a finding of guilt for criminal mischief, second degree, if "the cost of replacing . . . the property . . . " *or* "the cost of repairing . . . the property" exceeds $1000 but not $10,000. The evidence supports the instruction given. There was evidence from which the jury could find the value of the car exceeded $1000, and that the cost to repair did as well. Trial counsel was not ineffective for failing to seek an instruction grounded in *Urbanek*.

Runner cites decisions of this court in which we have relied on *Urbanek* for the measure of restitution in criminal mischief cases. *See Hamma*, 2011 WL 3689154, at *1; *Stull*, 2005 WL 724160, at *3. In setting criminal restitution for "pecuniary damages," the phrase is defined to mean "all damages . . . which a victim could recover against the offender in a civil action arising out of the same facts or event." Iowa Code § 910.1(3). As such, *Urbanek* applies in setting restitution but not in defining the degree of guilt.

### 2. Evidence

Runner asserts his counsel was ineffective for failing to present evidence at trial on valuation. Without delving into the various procedural twists and turns of this case that resulted in Runner's sparse evidentiary presentation, we conclude the record is inadequate for us to address this issue, and we preserve it for possible postconviction-relief proceedings. *See Thornton*, 498 N.W.2d at 675.

## IV. Restitution

Runner argues the district court erred in ordering restitution concerning McCurry's vehicle. Our review is for correction of errors at law. *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998).

In reviewing a restitution order, we determine whether the district court's findings lack support from substantial evidence or whether the court has failed to properly apply the law. *See State v. Bonstetter*, 637 N.W.2d 161, 166 (Iowa 2001). "[W]e will affirm a damage award if it is within a reasonable range of the evidence." *Watts*, 587 N.W.2d at 752. A restitution order must have a reasonable basis in the evidence and cannot be speculative. *Id.*

"Restitution is 'a creature of statute.'" *State v. Hagen*, 840 N.W.2d 140, 149 (Iowa 2013) (quoting *State v. Akers*, 435 N.W.2d 332, 335 (Iowa 1989)). It is limited to "pecuniary damages to a victim." Iowa Code § 910.1(4). "'Pecuniary damages' means all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." Iowa Code § 910.1(3). Imposition of restitution is mandatory in criminal cases in which there is a guilty verdict. *See* Iowa Code

§ 910.2(1). Proving appropriate restitution is the State's burden. *See State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989).

Runner contends that the amount of restitution ordered is mere speculation. He is correct that scant evidence was provided to the court. Runner testified at trial that McCurry had told him the vehicle was purchased by her for $1500. At the restitution hearing, the State noted the vehicle was uninsured. It was totaled. It had no salvage value. Runner testified the vehicle was "junk" and explained it had been damaged before the incident in question. From this limited evidence, the court ordered $1500 in restitution.

However, we cannot say the court erred in its determination. No evidence of the vehicle's value was suggested other than $1500, less an unknown amount for possible damage from a prior accident. The vehicle was uninsured. Given that evidence and that loss to McCurry, a restitution award of $1500 is within the reasonable range of evidence. We cannot say the court erred as a matter of law.

## V. Conclusion

For the foregoing reasons, we remand for resentencing. Trial counsel was not ineffective for failing to object to the jury instruction. We preserve for possible postconviction-relief proceedings the issue of ineffective investigation of the value of the car. We affirm the conviction for criminal mischief and the restitution award.

**AFFIRMED IN PART AND REMANDED.**