STATE of Iowa, Appellee,

v.

Ellen Jane WATTS, Appellant.

No. 97–1713.

Supreme Court of Iowa.

Nov. 25, 1998.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Odell McGhee, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

This defendant, Ellen Jane Watts, appeals from a restitution order following her guilty plea to two counts of second-degree theft under Iowa Code sections 714.1(1) and 714.2(2) (1997). The court ordered no restitution on one count because the victim had recovered the merchandise. On the remaining count, the court ordered restitution of

$27,871.15, which was seventy-five percent of the value established by a loss prevention officer for the victim. On Watts' appeal, she contends this amount was speculative and unsupported by the evidence. We affirm.

## I. The Facts.

Watts was seen on videotape removing large quantities of women's wear from display racks at a Des Moines Younkers store. According to the videotape, she made fourteen trips to the clothes racks and carried off arms-full of clothes during a four-hour period. Timothy Armstrong, an employee in the store's loss prevention department, testified that, by using the videotape and comparing inventory lists from January 6 and January 16 with one on February 23 (one day after the theft) he was able to determine the specific items Watts had taken. Armstrong set the total loss from Watts' theft at $37,162. Watts counters that the amount she admitted to by her guilty plea was only $10,000, which is the maximum for second-degree theft. Any amount above that would be speculative, according to her.

In its restitution order, the district court made an adjustment to Younkers' claimed loss. It discounted the store's figure by twenty-five percent to account for the possibility of other shoplifters and to account for discounts Younkers would offer in the normal course of business. The net amount, $27,-871.15, was ordered to be repaid.

## II. The Restitution Law.

■ Restitution is authorized by Iowa Code chapter 910 and is mandatory in all criminal cases in which the defendant pleads guilty. Iowa Code § 910.2. The amount of restitution is not limited by the parameters of the offense for which the defendant enters a guilty plea, *Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993), so Watts' claim that the dollar amount of the offense presumptively limits the amount of restitution must be rejected.

■ The pecuniary damages in a restitution order

means all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium.

Iowa Code § 910.1(3). The amount of damages is set by the court, without a jury. Iowa Code § 910.3; *see State v. Mayberry*, 415 N.W.2d 644, 647 (Iowa 1987) (restitution amount not constitutionally required to be set by jury).

■ Our review of a restitution order is for correction of errors at law, *State v. Klindt*, 542 N.W.2d 553, 554 (Iowa 1996), so findings of fact have the effect of a special verdict. *See* Iowa R.App. P. 4. We have said that section 910.1(3)

connote[s] a requirement that the victim prove a prima facie case of liability premised on some civil theory such as fault or intentional tort. Proximate cause, of course, would be a necessary element of such a prima facie case.

*State v. Starkey*, 437 N.W.2d 573, 574 (Iowa 1989).

■ Armstrong testified that, according to the video, Watts took several pieces of each kind of clothing, but she usually left one item of each set, allowing Armstrong to identify the style and brand name of each item taken. Each item is numbered and entered in Younkers' computer system when it arrives. When items are sold, they are entered in the computer system as a customer purchase. If items are transferred to another store, they are entered accordingly. So Younkers is able to track which items enter as inventory and leave as customer purchases or store-to-store transfers. Any other items not showing on the latest inventory are considered missing and probably stolen.

Watts argues that the court did not rule out the possibility that someone besides Watts took some of the items or that employees incorrectly entered the data in the computer system. Further, she complains, the victim should have been required to introduce evidence as to the "profit margin" on the items in question.

■ Restitution damages are to be determined, with some exceptions not applica-

ble here, in the same manner as in a civil case. Iowa Code § 910.1(3). In civil cases, we will affirm a damage award if it is within a reasonable range of the evidence. *See Foggia v. Des Moines Bowl–O–Mat, Inc.*, 543 N.W.2d 889, 891 (Iowa 1996); *Berryhill v. Hatt*, 428 N.W.2d 647, 657 (Iowa 1988). Adopting a twenty-five percent reduction in the store's valuation, as the court did, might be considered arbitrary. But a fact finder's method of calculating damages usually inheres in the award itself and is not subject to challenge. *See LCI, Inc. v. Chipman*, 572 N.W.2d 158, 162 (Iowa 1997) (method of determining arbitrators' award inhered in award and could not be challenged); *Weatherwax v. Koontz*, 545 N.W.2d 522, 524 (Iowa 1996) (method of assessing damages inheres in jury verdict). This, of course, assumes that the end amount is within the reasonable range of the evidence. *See Foggia*, 543 N.W.2d at 891.

In civil cases, the rule is that

[t]here is a recognized distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. One cannot recover if it is speculative and uncertain as to whether the damages claimed have actually been sustained, but if the uncertainty lies only in the amount of damages, recovery may be had if there is proof of reasonable basis from which the amount may be inferred.

*Natkin & Co. v. R.F. Ball Constr. Co.*, 255 Iowa 1156, 1167, 123 N.W.2d 415, 422 (1964); *accord Northrup v. Miles Homes, Inc.*, 204 N.W.2d 850, 857 (Iowa 1973) (requires only "proof of a reasonable basis from which the amount can be inferred or approximated").

It has been noted that,

[a]lthough it may not be possible to value the property with absolute certainty as of a particular date, an award of damages may still stand so long as the figure has a reasonable basis and is not speculative, possible or imaginary, particularly where the conduct of the wrongdoers has rendered it difficult to ascertain the damages suffered with the precision otherwise possible.

22 Am.Jur.2d *Damages* § 430, at 515–16 (1988).

The restitution amount set by the court in this case has a reasonable basis in the evidence and is neither speculative nor imaginary.

**AFFIRMED.**