# IN THE COURT OF APPEALS OF IOWA

No. 3-1194 / 12-1448
Filed April 30, 2014

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

REX ALAN NEIL MILLER,
    Defendant-Appellant.
_____
No. 3-1195 / 12-1449

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

DILLON GARY VOSIKA,
    Defendant-Appellant.
_____

Appeals from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.


Two defendants appeal the restitution order imposed by the district court

after deferring judgment on their convictions. **AFFIRMED.**


Ernest Kersten, Fort Dodge, for appellants.

Thomas J. Miller, Attorney General, Tyler J. Buller and Martha Trout,

Assistant Attorneys General, Stephanie Koltookian and Mathias Robinson, Legal

Interns, Ricki N. Osborn, County Attorney, and Jordan Brackey, Assistant County

Attorney, for appellee.


Heard by Danilson, C.J., Vogel, Vaitheswaran, Mullins, and McDonald, JJ.

**VAITHESWARAN, J.**

Rex Miller and Dillon Vosika took a "joy ride" in a car, without the owner's permission. The State charged the men with second-degree criminal mischief and operating a motor vehicle without the owner's consent. *See* Iowa Code §§ 716.1, 716.4, 714.7 (2011). Both defendants agreed to plead guilty to the operating charges in exchange for dismissal of the criminal mischief charges. The district court accepted their pleas and held a restitution hearing, after which the court imposed a joint and several restitution obligation of $3264.53. The court subsequently dismissed the criminal mischief charges and entered orders deferring judgment and confirming the restitution obligation.

Miller and Vosika filed documents in the district court with the stated purpose of preserving their right to appeal the restitution order. *See State v. Stessman*, 460 N.W.2d 461, 463 (Iowa 1990) (concluding an appeal as of right was not available in a deferred judgment case but the defendant could seek discretionary review of a restitution order issued in connection with an order deferring judgment). They subsequently filed notices of appeal to the Iowa Supreme Court. The Iowa Supreme Court requested briefing on whether the notices of appeal should be treated as applications for discretionary review and whether they were timely. On its own motion, the court subsequently elected to treat the defendants' notices of appeal "as [] timely-filed application[s] for discretionary review of the district court's restitution order."[1] The court granted the applications.

---

[1] That order was inadvertently not brought to this court's attention until shortly after oral arguments.

The sole issue for consideration is "whether the trial court erred in awarding victim restitution in the amount of $3264.53." Miller and Vosika do not challenge the method or formula used to arrive at the restitution amounts; they simply contend the district court impermissibly relied on hearsay evidence and fraudulent statements.

Our review of the restitution award is to determine whether the district court applied the correct law in making the award and whether the award is supported by substantial evidence. *State v. Bonstetter*, 637 N.W.2d 161, 166 (Iowa 2001). "Any damages that are causally related to the criminal activities may be included in the restitution order." *Id.*

Miller and Vosika contend the district court inappropriately considered hearsay evidence in the form of damage estimates from two companies. The restitution hearing held here was part of the sentencing proceeding. *See* Iowa Code § 910.2 (providing that the "sentencing court shall order that restitution" be made); *State v. Mayberry*, 415 N.W.2d 644, 647 (Iowa 1987) (rejecting claim that defendant had right to jury trial to determine restitution and stating "there is no such right to a jury trial at the time of sentencing"); *State v. Gilleland*, No. 10-2042, 2013 WL 1749772, at *2 (Iowa Ct. App. Apr. 24, 2013) ("Restitution is part of the criminal sentencing process."). The rules of evidence are not applicable to criminal sentencing proceedings. *See* Iowa R. Evid. 5.1101(c)(4); *State v. Graham*, No. 07-0306, at *1, 2008 WL 141683 (Iowa Ct. App. Jan. 16, 2008); *see also United States v. Florence*, 741 F.2d 1066, 1068 (8th Cir. 1984) (concluding that a parallel federal statutory provision providing that a restitution order shall be enforceable to the same extent as a civil judgment does not

change the nature of the restitution hearing from criminal sentencing proceeding to civil proceeding).  Accordingly, the district court did not commit an error of law in considering the damage estimates.

Turning to the restitution amount, the district court made detailed findings of fact concerning the various items of damage and repairs submitted by the State.  The court rejected some of the claimed items based on the absence of a causal connection to the "joy ride."  The items that the court accepted all found substantial evidentiary support in the record.  *See State v. Watts*, 587 N.W.2d 750, 752 (Iowa 1998) ("[I]f the uncertainty lies only in the amount of damages, recovery may be had if there is proof of reasonable basis from which the amount may be inferred.").  Accordingly, we affirm the amount of the restitution award.

**AFFIRMED.**

All Judges concur except Danilson, C.J., and Mullins, J., who dissent.

**DANILSON, C.J.** (dissenting)

I respectfully dissent. Miller and Vosika both challenge the amount of restitution awarded to the victim for damages sustained to a motor vehicle. Both defendants recite the rule that restitution is limited to "what a victim could obtain in a civil action against the defendant." *State v. Paxton*, 674 N.W.2d 106, 108 (Iowa 2004). Restitution orders are reviewed for correction of errors of law, and we are "bound by findings of fact so as they are supported by substantial evidence." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001).

Here, neither the evidence nor the district court's ruling support the restitution award of $3264.53. Iowa law governing damages to a motor vehicle requires the application of one of three general standards established by our supreme court in *Long v. McAllister*, 319 N.W.2d 256, 261 (Iowa 1982), as follows:

> (1) When the motor vehicle is totally destroyed or the reasonable cost of repair exceeds the difference in reasonable market value before and after the injury, the measure of damages is the lost market value plus the reasonable value of the use of the vehicle for the time reasonably required to obtain a replacement.
> (2) When the injury to the motor vehicle can be repaired so that, when repaired, it will be in as good condition as it was in before the injury, and the cost of repair does not exceed the difference in market value of the vehicle before and after the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the vehicle for the time reasonably required to complete its repair.
> (3) When the motor vehicle cannot by repair be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value before and after the injury, plus the reasonable value of the use of the vehicle for the time reasonably required to repair or replace it.

Here, the district court did not apply the *McAllister* principles. Moreover, there was no evidence of the market value of the vehicle after the damages.

Although there was some evidence of the purchase price of the motor vehicle before damages, the evidence was contested and, at best, the vehicle had a value of $1200, substantially less than the amount of restitution awarded.[2] Although a victim deserves to be fully compensated for the injury suffered, restitution in excess of the amount determined by application of the *McAllister* principles does not bear a reasonable relationship to the damage caused by the defendants.

Accordingly, I would reverse and remand for the entry of an order fixing restitution in the sum of $112.35, the amount consented to by the defendants.

---

[2] I find it difficult to value this motor vehicle at $1200 when the reported purchase price on the application for title was $150.

**MULLINS, J.** (dissenting)

I respectfully dissent from the decision of the majority. The majority concluded substantial evidence supports the findings of fact made by the district court in its determination of the appropriate pecuniary damage restitution payable by the defendants to the victim. The evidence considered substantial included hearsay evidence admitted over the defendants' objections. The majority has concluded that because restitution is part of sentencing proceedings, Iowa Rule of Evidence 5.1101(c)(4) renders the rules of evidence inapplicable. Consequently, the majority concluded the district court properly considered hearsay and this court could consider whether that hearsay constitutes substantial evidence to support the restitution determination.

I would reverse and remand. I do not think rule 5.1101(c)(4) applies hearings where the court determined what constitutes pecuniary damages payable to victims. But, even if rule 5.1101(c)(4) does apply and allows for the admission of evidence that would otherwise be inadmissible, I maintain that our standard of appellate review requires that only evidence admissible under the rules of evidence should be considered to determine whether substantial evidence supports a judicial determination of restitution. To allow a pecuniary damage restitution determination to rest on evidence not subject to any rules governing admissibility would be an error of law, as the court would consider evidence that could not be considered in a civil case against the defendant, in violation of Iowa Code section 910.1(3).

Even though the legislature has required that the sentencing court order restitution, it has also ordered that pecuniary damages payable to victims of

crimes are to be determined in the same manner as in a civil case. Iowa Code chapter 910 governs restitution. Section 910.2(1) directs that in all criminal cases in which a judgment of conviction is rendered, "the sentencing court shall order that restitution be made by each offender to the victims," to the clerk of court for fines, etc., and to a list of other possible recipients, subject to the offender's ability to pay. Section 910.1 defines a victim, pecuniary damages, and restitution. "Restitution damages are to be determined, with some exceptions not applicable here, in the same manner as in a civil case." *State v. Watts*, 587 N.W.2d 750, 751-52 (Iowa 1998) (citing Iowa Code § 910.1(3) (1997)).

The legislature has made it clear that victims are entitled to certain pecuniary damages and that such a determination should be made at the time of sentencing by the sentencing court if possible. Interestingly, however, I find no place in the statutes that says that restitution is a component of the sentence. The restitution decision often occurs concomitantly with sentencing—for reasons that are apparent and sensible for judicial economy and closure for the victim— but that does not make restitution and sentencing the same, nor does it make them subject to the same rules and procedures.

Iowa Rule of Evidence 5.1101(c)(4) provides that the rules of evidence, except a rule with respect to privilege, do not apply to some limited circumstances, including sentencing hearings. The comments to rule 5.1101 include the advisory committee's note to the corresponding Federal Rule of Evidence 1101 and states in relevant part: "The rules of evidence have not been regarded as applicable to sentencing or probation proceedings, where great reliance is placed upon the presentence investigation and report. Rule 32(c) of

the Federal Rules of Criminal Procedure requires a presentence investigation and report in every case unless the court otherwise directs." Iowa R. Evid. 5.1101 comments. The federal rationale for great reliance on presentence investigation reports has apparently been adopted in Iowa. I submit it is significant, however, to remember that the victim restitution claim information is simply incorporated into the report as provided by the county attorney pursuant to section 910.3. At that point in the proceedings, the county attorney is an advocate for the State and often views the role as an advocate for the victim. In practice, most claims for pecuniary damages submitted by county attorneys are verbatim claims submitted to the county attorney by the victim; that is, the claims have not been scrutinized such that it would have any indicia of reliability. Consequently, the "great reliance" granted to a presentence investigation report should not be extended to a victim restitution claim.

If damages are to be determined as in a civil case, the restitution finder of fact should only consider such evidence as a fact finder would in a civil case. Our supreme court has recognized the requirement of a defendant's right to procedural due process—right to notice and opportunity to be heard—in restitution determinations. *State v. Jenkins*, 788 N.W.2d 640, 646 (Iowa 2010). A meaningful opportunity to be heard requires an appropriate degree of procedural fairness. To allow the restitution finder of fact to rely on evidence that could not be considered in a civil case would almost certainly lead to awards of damages in restitution hearings that would be different than the damages that would be awarded in civil cases. Such a result would constitute a serious infringement on procedural fairness and procedural due process. To believe to

the contrary would be to conclude that following the rules of evidence is irrelevant to a fact finder's determination of damages; i.e. it does not matter what evidence a fact finder considers. So, if rule 5.1101(c)(4) is applied to the pecuniary damages component of restitution as allowed by the majority, then the portion of Iowa Code section 910.1(3) that defines pecuniary damages as those that would be recoverable in a civil case is meaningless. Our courts do not have the authority to interpret court rules in a way that trumps statutes. Thus, I believe Iowa Code sections 910.1(3)-(5) and 910.3 trump rule 5.1101(c)(4) as to pecuniary damages payable by defendants to victims.

Even if we were to conclude that rule 5.1101(c)(4) applies so that there are no rules of evidence applicable in a pecuniary damages determination of restitution—in other words all proffered evidence is admissible—that admission of evidence does not change the appellate review standard that substantial evidence must support a restitution determination and that we review for errors at law. Appellate review of restitution orders is for correction of errors at law. *Jenkins*, 788 N.W.2d at 642. "When reviewing the restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). On the other hand, sentencing decisions are reviewed for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

When examined in light of the standards for appellate review, rule 5.1101 makes sense for sentencing decisions reviewed for abuse of discretion but is irreconcilable with restitution determinations reviewed for substantial evidence.

How can we review a restitution decision for substantial evidence if there are no rules governing what evidence is admissible in a restitution hearing? How can we review for proper application of the law without knowing what legal and evidentiary standards were employed by the restitution court?

We must evaluate the reliability of the evidence in deciding whether the district court's determination of the amount of pecuniary damages satisfies the statutory guidance of Iowa Code chapter 910. A proper evaluation of the reliability of the evidence requires some ascertainable standards. The rules of evidence found in chapter 5 of the court rules provide such a standard. In summary, I am suggesting that in the context of pecuniary damages payable by defendants to crime victims, we must consider on appellate review only such evidence as satisfies the rules—regardless of other evidence admitted. It is only then that we can ascertain whether substantial evidence supports the determination of the district court.

A restitution court cannot reasonably determine the amount of pecuniary damages that would be recoverable by a crime victim in a civil action if the court admits evidence that would not be admissible or excludes evidence that would be admissible in a civil action. In keeping with the definition of pecuniary damages under section 910.1(3)—"all damages . . . which a victim would recover against the offender in a civil action arising from the same facts or event"—I would hold the rules of evidence, particularly the hearsay rules in this case, are applicable in hearings to determine the amount of pecuniary damages payable as victim restitution. Accordingly, I would reverse and remand for a new hearing.