# IN THE COURT OF APPEALS OF IOWA

No. 13-1507
Filed October 15, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ATHENA KENNEDY,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Gary D. McKenrick,

Judge.


        A criminal defendant challenges the reasonableness of a restitution order.

**AFFIRMED.**


        Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, Michael J. Walton, County Attorney, and Joseph Grubisich, Assistant

County Attorney, for appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

The district court ordered Athena Kennedy to pay $6465.35 in victim restitution following her guilty plea and sentencing for burglary in the third degree. She contends the amount lacks evidentiary support and she should only be responsible for $2500 in damages resulting from her crime. Because the restitution figure set by the court had a reasonable basis in the evidence, we affirm.

The State charged Kennedy with burglary in the third degree, in violation of Iowa Code section 713.1 and 713.6A(1) (2013), and criminal mischief in the second degree, in violation of sections 716.1 and 716.4, stemming from a February 2013 home invasion. Kennedy entered a guilty plea to the burglary charge and received a suspended five-year sentence.

The district court held a restitution hearing under Iowa Code section 910.3[1] on September 4, 2013. The State submitted a statement of pecuniary damages from the victim listing stolen and damaged property in the amount of $11,479. The State also offered the testimony of the victim, whose duplex was burglarized, and her sister, who saw the damaged furnishings. In addition, the State offered a receipt documenting the value of some of the electronics and furniture items the victim alleged she lost in the crime. Kennedy testified that

---

[1] This section reads:
> At the time of sentencing or at a later date to be determined by the court, the court shall set out the amount of restitution . . . and the persons to whom restitution must be paid. If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time.

Iowa Code § 910.3

during the burglary she only broke two televisions, valued at $1500 and $800 respectively, and damaged approximately $200 worth of miscellaneous items. On September 5, 2013, the court entered an order requiring Kennedy to pay the burglary victim restitution in the amount of $6465.35. Kennedy now appeals.

We review restitution matters for correction of legal error. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). We would find a restitution order to be excessive if it did not bear a reasonable relationship to the damage caused by the offender's criminal conduct. *State v. Bonstetter*, 637 N.W.2d 161, 168 (Iowa 2001). Once the State proves the causal connection, Iowa Code section 910.1(3) allows recovery of "all damages" that the State can show by a preponderance of the evidence. *See State v. Wagner*, 484 N.W.2d 212, 216 (Iowa Ct. App. 1992).

Kennedy's appeal rests on the strength of her own testimony. Her only argument is that the court should have adopted her damage estimates over those of the victim. The district court expressly rejected Kennedy's version in the restitution order, saying it "did not find the testimony of the defendant to be credible in any respect based on the Court's observations of the defendant throughout the hearing and her highly antagonistic and abrasive attitude openly displayed toward the victim and the witnesses who testified on the victim's behalf." Conversely, the court believed the State's witnesses. Because our review is only for correction of errors at law, we will not reweigh the evidence nor assess witness credibility in the place of the trial judge, who had the chance to

personally observe the witnesses. *See EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 785 (Iowa 2002).

Generally, restitution is determined in the same manner as damages in a civil case. *State v. Watts*, 587 N.W.2d 750, 751–52 (Iowa 1998). A fact finder's method of calculating damages usually inheres in the award and is not subject to challenge. *Id.* at 752. The end amount need only be within the "reasonable range of the evidence." *Id.* (upholding restitution amount so long as it is "neither speculative nor imaginary"). Here, the district court ordered a specific amount of restitution—$6465.35—without revealing its method of calculation. But the award was neither speculative nor uncertain. We can infer the district court relied on the receipts entered into evidence to reach the amount awarded. *See id.* Because the restitution amount determined by the court had a reasonable basis in the evidence, we will not disturb it.

**AFFIRMED.**