# IN THE COURT OF APPEALS OF IOWA

No. 16-0225
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN ROBERT HOYMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Jeffrey D. Farrell,

Judge.


        John Hoyman appeals the district court's restitution order.  **AFFIRMED.**


        Mark E. Weinhardt and Todd M. Lantz of Weinhardt & Logan, P.C., Des

Moines, for appellant.

        Thomas  J.  Miller,  Attorney  General,  and  Martha  E.  Trout,  Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

John Hoyman worked as the Indianola City Attorney and billed the City for services he did not perform. On discovering the improper billings, the State charged Hoyman with several crimes. A jury found him guilty of first-degree fraudulent practice. The Iowa Supreme Court reversed his judgment and sentence based on an instructional error and remanded the case for a new trial. *State v. Hoyman*, 863 N.W.2d 1, 19-20 (Iowa 2015). The court also reversed a restitution order after finding there was "no . . . verdict of guilty . . . upon which a judgment of conviction was rendered to authorize restitution."

On remand, Hoyman pled guilty to third-degree fraudulent practice but contested restitution. The district court rejected his challenge and ordered "Hoyman to pay restitution to the City of Indianola in the amount of $35,333.24." Hoyman appealed.

"'Restitution' means payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution." Iowa Code § 910.1(4) (2015). "Pecuniary damages," in turn, "means all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." *Id.* at 910.1(3). "The amount of restitution is not limited by the parameters of the offense for which the defendant enters a guilty plea . . . ." *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998).

Hoyman contends the State failed to prove (1) an actual loss by the City, or (2) the elements of a civil cause of action. Our review is on error, with the

district court's findings binding us if supported by substantial evidence. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013).

Hoyman's "actual loss" argument goes as follows: "he worked as much time as his bills represented," the State failed to "compare the total amount of [his] billings with the total amount of legal services actually performed," and the State "could not say that [he] worked fewer hours than was represented on his bills." In his view, he "merely submitted invoices, which the City voluntarily paid," "did not control the City's property, and . . . did not *take* money from anyone."

The district court found otherwise. The court stated:

> Beginning in 2006, [Hoyman] began to bill the city for prosecutions that he did not perform. [Hoyman] characterized the practice as billing for the "wrong names" or "incorrect names." The practice was more properly characterized as a fabrication of trials, as [Hoyman] admitted during cross-examination. [Hoyman] admitted to investigating officers that he made up case names by looking up names in the phone book, a Warren County plat map, or by listing people he personally knew. [Hoyman] also billed the city for trials held on days that no trials were scheduled or held.

The court determined:

> There is no doubt that [Hoyman] made fraudulent misrepresentations that he worked cases that he did not. . . . He put the case names on billing sheets and represented that he had worked on those cases. He knew they did not exist. He expected that the city would pay him for the cases he billed, and the city paid him accordingly for several years.

The court rejected Hoyman's assertion that he made up the over-billed prosecution time by under-billing for other services, reasoning as follows:

> [Hoyman] cannot bill the city for hours based on fictitious prosecutions with the justification that he really spent the hours performing general counsel work. . . . If he really spent the time doing general counsel work, he needed to bill it so it could be independently reviewed, as opposed to pulling names from a telephone book and claiming they were prosecutions.

Substantial evidence supports these findings and determinations. Although the court did not use the "actual loss" terminology Hoyman deems critical, the court found just that when it determined the City paid him for work he billed but did not perform. *See Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983) ("[W]e assume as fact an unstated finding that is necessary to support the judgment . . . .").

Notably, the State quantified the City's loss in a detailed spreadsheet. The district court used the spreadsheet to calculate the restitution amount, but gave Hoyman the benefit of the doubt at every juncture, narrowing the time frame for recovery and accepting the lower of two proposed figures. The final restitution figure reflected the City's actual loss.

Hoyman's second argument is tied to the first. He contends "restitution to a victim depend[s] on what the victim could obtain in a civil action against the defendant," and "[f]or the same reasons that [his] false entries did not cause the City to suffer a loss, the City would not be able to recover $35,333.24 in a civil lawsuit against [him]." Having found that the State established a loss by the City, this argument fails.

We affirm the restitution order.

**AFFIRMED.**