# IN THE COURT OF APPEALS OF IOWA

No. 17-1600
Filed May 2, 2018

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JEREMY DAVID WILLIAMS,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Mahaska County, Joel D. Yates, Judge.

 A defendant appeals from the district court order requiring him to pay restitution. **AFFIRMED.**

 R. E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

 Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Jeremy Williams appeals the restitution order entered following his guilty plea to second-degree theft by possession of a stolen space heater in violation of Iowa Code sections 714.1(4) and 714.2(2) (2017).

Williams was found in possession of an industrial space heater belonging to Nicholas Drost in April 2017. The heater was stolen from a construction site. Several other items were stolen from the site at that time, but they were not found in Williams's possession. Williams pled guilty to second-degree theft for possession of the stolen heater.

At a hearing regarding restitution, Drost submitted his insurance claim showing the replacement cost of the heater to be $1234. The heater had depreciated 60% and was valued at $617. Drost testified he had a $1000 deductible for his insurance claim, which covered all items stolen from the construction site, not just the heater. The court ordered Williams to pay $1000 in restitution. Williams appeals the restitution order.

"We review restitution orders for correction of errors at law." *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

Williams argues the heater should be returned to Drost and he should not be required to pay restitution beyond the costs of repairing the heater. Several wires were cut from the heater to remove it from the site, and it is unknown whether

the heater can be fixed. Drost testified the heater belongs to the insurance company since he filed the insurance claim.

In the alternative, Williams claims he should only be responsible for the $617 depreciated value of the heater. Williams argues other items were stolen from Drost and it is unfair that he is paying the entire deductible. The State argues the crime was causally related to the loss of $1000 for the insurance deductible.

"Restitution is authorized by Iowa Code chapter 910 and is mandatory in all criminal cases in which the defendant pleads guilty." *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998) (citing Iowa Code § 910.2). Restitution means "payment of pecuniary damages to a victim." Iowa Code § 910.1(4). Pecuniary damages are "all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." *Id.* § 910.1(3).

Restitution damages are generally determined "in the same manner as in a civil case." *Watts,* 587 N.W.2d at 751 (citing Iowa Code § 910.1(3)). "In civil cases, we will affirm a damage award if it is within a reasonable range of the evidence." *Id.* at 752. "[A]n award of damages may still stand so long as the figure has a reasonable basis and is not speculative, possible or imaginary, particularly where the conduct of the wrongdoers has rendered it difficult to ascertain the damages suffered with the precision otherwise possible." *Id.* (citing 22 Am. Jur. 2d Damages § 430, at 515–16 (1988)).

Here, the restitution damages ordered are within a reasonable range of the evidence. The replacement cost for the heater is $1234, and Drost was required

to pay a $1000 deductible to his insurance. Our court has previously upheld an insurance deductible as the correct amount of restitution. *See State v. Taylor*, 506 N.W.2d 767, 768 (Iowa 1993); *State v. Huisman,* No. 11-0427, 2012 WL 150491, at *1 (Iowa Ct. App. Jan. 19, 2012); *State v. Dyer*, No. 03-0621, 2001 WL 57664, at *1 (Iowa Ct. App. Jan. 14, 2004). Because the $1000 deductible is causally related to Williams's criminal activities and was properly included in the restitution order, we affirm. *See Bonstetter*, 637 N.W.2d at 165 ("Any damages that are causally related to the criminal activities may be included in the restitution order.").

**AFFIRMED.**