# IN THE COURT OF APPEALS OF IOWA

No. 20-0244
Filed May 12, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HEATHER MESA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Tamra Roberts, Judge.

Heather Mesa challenges the victim restitution she was ordered to pay following her convictions for forgery and second-degree theft. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Heather Mesa was charged with second-degree theft and forgery for taking an individual's checkbook and writing five unauthorized checks totaling $2006.84. Mesa pled not guilty but was later convicted of both offenses following a jury trial. The State requested pecuniary damages of $1228.00, which was roughly the sum of three of the forged checks. At sentencing, Mesa accepted responsibility for $980.00 of the restitution claimed, but she disputed the remaining $248.00, claiming she was paying a bill in that amount on behalf of the individual from whom she took the checkbook. The district court ordered Mesa to pay the full amount claimed of $1228.00. She appeals, seeking to have the restitution order vacated on the grounds that the district court's order requiring her to pay the full amount lacked sufficient evidentiary support.

## I.      Standard of Review

"We review restitution orders for correction of errors at law." *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021) (quoting *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010)). "When reviewing a restitution order, 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004) (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)). The district court has "broad discretion in determining the amount of restitution when the record contains proof of a reasonable basis from which the amount may be inferred." *State v. Shears*, 920 N.W.2d 527, 530 (Iowa 2018). We will affirm a victim restitution determination "if it is within a reasonable range of the evidence." *State v. Watts*, 587 N.W.2d 750, 752 (Iowa 1998).

## II.    Discussion

Mesa contends the district court erred by ordering her to pay victim restitution without evidence supporting the amount ordered.[1]  Mesa seems to suggest the district court was limited to evidence presented at the sentencing hearing in determining the amount of restitution.  However, Mesa cites no authority, and we have found none, limiting the district court to evidence presented at the sentencing hearing.  Here, the judge presiding at the sentencing hearing was the same judge who presided over Mesa's jury trial and thus was aware of the evidence presented at trial.  The judge was entitled to use the evidence from trial as well as that presented at the sentencing hearing in making the restitution determination.  *See State v. Mai*, 572 N.W.2d 168, 171–72 (Iowa Ct. App. 1997) (using evidence and verdicts from trial to review sufficiency of the evidence supporting restitution determination); *State v. Lucas*, No. 14-1508, 2016 WL 1705511, at *2 (Iowa Ct. App. Apr. 27, 2016) (using evidence introduced at trial as the basis for affirming the district court's restitution determination).

The Iowa criminal restitution statute provides that in all cases in which a defendant pleads or is found guilty, the sentencing court "shall order that restitution be made by each offender to the victims of the offender's criminal activities."  Iowa

---

[1] The State raises an error preservation issue.  While Mesa seeks to vacate the entire restitution award of $1228.00, the State asserts Mesa has only preserved her right to challenge the $248.00 of restitution she contested at sentencing.  The State argues that, by acknowledging her responsibility for the other $980.00 at sentencing, she failed to preserve her right to challenge that portion of the restitution order.  Mesa counters that because the restitution order is a part of her sentence, it is directly appealable without preserving error at the district court level.  We need not resolve the error preservation dispute, as we find Mesa responsible for the entire amount claimed.  As a result, it is inconsequential whether she preserved error to challenge the entire amount or only a portion.

Code § 910.2(1)(a) (2020). "The district court is afforded broad discretion in determining the amount of restitution when the record contains proof of a reasonable basis from which the amount may be inferred." *Shears*, 920 N.W.2d at 530.

At trial, the State introduced evidence Mesa had had an on-again, off-again relationship with a man for a number of years. Without his permission or knowledge, Mesa took the man's checkbook. The evidence further established Mesa wrote five checks totaling $2,006.84 drawn on the man's checking account without his knowledge, permission, or authorization. The bank on which the checks were drawn honored the unauthorized checks.

In spite of the fact the bank honored unauthorized checks totaling $2006.84, the district court ordered Mesa to pay the bank only $1228.00, as that was the amount submitted by the State. While Mesa claims there is insufficient evidence supporting the restitution order, we find ample evidentiary support for it. The bank, having honored the unauthorized checks, was properly determined to be a victim of Mesa's offenses. *See State v. Hennenfent*, 490 N.W.2d 299, 300 (Iowa 1992) (holding banks that honor checks bearing unauthorized signatures are victims entitled to restitution under Iowa Code chapter 910). The evidence also supports the amount of restitution ordered. The man whose checks were used testified to Mesa's passing of unauthorized checks totaling $2006.84. Further, on a recorded telephone call while Mesa was in jail prior to trial, the man with whom Mesa was conversing asked her, "How much money did you take from him?" Mesa replied, "It was only like a couple thousand dollars, dude." This evidence supported the jury's verdict that Mesa committed theft in the second degree by taking "more than

$1000." *See* Iowa Code § 714.2 (2018) (defining theft in the second degree to include theft of property exceeding one thousand dollars but not exceeding ten thousand dollars). Based on the evidence presented, the district court's order for victim restitution in the amount of $1228.00 is supported by substantial evidence and is within the reasonable range of the evidence. *See Klawonn*, 688 N.W.2d at 274; *Watts*, 587 N.W.2d at 752. Therefore, we find no error in the district court's victim restitution determination.

**AFFIRMED.**