# IN THE COURT OF APPEALS OF IOWA

No. 21-0894
Filed April 27, 2022

**PAM WEATHERLY-MICHEL,**
Plaintiff-Appellee,

**vs.**

**TONY REED,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kurt Stoebe, Judge.

Tony Reed appeals the district court's finding that he breached an oral lease agreement. **AFFIRMED.**

Brandon J. Buck of Moore, McKibben, Goodman & Lorenz, LLP, Marshalltown, for appellant.

Joel R. Thronson of Grimes, Buck, Schoell, Beach & Hitchins, Marshalltown, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Tony Reed owned storage units in Marshalltown, Iowa. Pam Weatherly-Michel rented one of the units and was current on her payments. In time, Weatherly-Michel learned that several people removed most of the items in her unit.

Weatherly-Michel sued Reed, alleging he breached an oral lease agreement and breached a duty of care required by his creation of a bailment. Following a bench trial, the district court determined "there was an oral contract to rent [Weatherly-Michel's unit]" and "[t]he critical issue here is did the defendant direct" a third-party at the scene to remove the items. The court concluded Reed "breached th[e] agreement by removing and disposing of [Weatherly-Michel's] property" and she was entitled to $22,830 in damages.

On appeal, Reed (1) raises four hearsay-related issues; (2) contends the district court improperly shifted the burden of proof to him; (3) argues the district court's key finding is not supported by substantial evidence; and (4) questions the amount of the damage award.

## I. *Hearsay*

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). "Hearsay is not admissible unless any of the following provide otherwise: the Constitution of the State of Iowa; a statute; these rules of evidence; or an Iowa Supreme Court rule." Iowa R. Evid. 5.802. Our review of hearsay rulings is for errors of law. *State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011).

Reed first argues the district court relied on excluded hearsay testimony from a Marshalltown police officer who came to the scene and spoke to the people who removed the items. He does not challenge the underlying hearsay ruling, but the court's inclusion of claimed inadmissible testimony in its fact findings. The challenged language is as follows: "[The officer] concluded that the landlord had told them to clean out the unit" and "the workers removing the plaintiff's property . . . told [the officer] they were there to clean out the unit at the direction of the landlord."

The district court sustained an objection to the officer's proposed testimony about Reed's involvement. But the record contained other evidence of that involvement. Specifically, a "[c]ommand [l]og" was admitted without objection, and the log stated, "Subjects were advised by the[ir] landlord to clean out unit G." We will not presume the district court relied on the officer's excluded testimony rather than the duly admitted evidence. *See State v. Quintero-Labrada*, No. 19-0544, 2020 WL 6482726, at *3 (Iowa Ct. App. Nov. 4, 2020) (declining to accept the defendant's "speculation that the [district court] relied upon" inadmissible evidence). In any event, if the court relied on the excluded testimony, the reliance was harmless in light of the duly admitted evidence replicating the excluded evidence. *See State v. Jackson*, No. 04-1871, 2006 WL 778709, at *5 (Iowa Ct. App. Mar. 29, 2006).

Reed next argues the district court relied on excluded testimony from Kenneth Williams, who said he was at the scene "to assist Michael Tremaine remove property." The court found Williams' testimony corroborative of "the undisputed relationship between [Reed] and Tremaine."

The district court did indeed sustain an objection to Williams' testimony that a friend called him and said he was cleaning out a storage unit. But the court overruled objections to a question identifying the friend as Tremaine and to a question identifying Tremaine as Reed's employee. The district court's findings could have flowed from Williams' duly admitted testimony. Again, we discern no error in the district court's findings.

Third, Reed argues "[t]he court erred in allowing Weatherly-Michel to testify to out-of-court statements made by unknown third parties." We question whether error was preserved because counsel only objected to a preliminary question calling for a yes/no answer. *See Carradus v. Lange*, 203 N.W.2d 565, 567–68 (Iowa 1973). We bypass the error preservation concern and proceed to the question of whether the error, if any, was harmless. *See State v. Juste*, 939 N.W.2d 664, 677 (Iowa Ct. App. Dec. 18, 2019) (stating that when inadmissible hearsay is introduced into evidence, "Prejudice is presumed 'unless the record affirmatively establishes' no prejudice resulted" (quoting *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004))).

The disputed testimony related to where and why the property was taken. With respect to where it was taken, the district court stated, "The Court does not find the unanswered question of where the rest of the items were taken to be fatal to the plaintiff's case." The court noted "[t]he critical issue" was whether "the defendant direct[ed] Tremaine to remove the items." Accordingly, even if Weatherly-Michel's testimony as to where the property was taken should have been excluded, the error was harmless. As for why the items were taken, the command log and other duly admitted evidence established that the landlord

mistakenly directed the people to empty the wrong unit. Because there was other evidence in the record on this point, admission of Weatherly-Michel's testimony was harmless.

Reed's fourth hearsay issue again relates to the officer's testimony. Reed argues, "The court erred in allowing [the officer] to testify to out-of-court statements made by unknown third parties." He points to questions about the officer's "conversations with the people at the scene" as well as Weatherly-Michel's statements. Assuming without deciding the testimony was erroneously admitted, the evidence duplicated the contents of the command log, Weatherly-Michel's duly admitted testimony, and the duly admitted testimony of her son. Accordingly, admission of the testimony was harmless.

## II. Burden-Shifting

Reed next argues, "The court improperly shifted the burden of proof from the plaintiff to the defendant." He cites the district court's acceptance of Weatherly-Michel's evidence over his and the court's reference to his inability to disprove her case with corroborating evidence.

The challenged references were simply assessments of the parties' credibility-assessments that were exclusively within the court's purview. *See Poller v. Okoboji Classic Cars, LLC*, 960 N.W.2d 496, 519 n.3 (Iowa 2021) (deferring to district court's credibility findings in a contract case); *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) ("The trier of fact . . . has the prerogative to determine which evidence is entitled to belief. The district court has a better opportunity than we do to evaluate the credibility of the

witnesses. So we think factual disputes . . . are best resolved by the district court."). The court did not erroneously shift the burden of proof.

### III.    Substantial Evidence

Reed argues, "The court's ruling is not supported by substantial evidence and [Weatherly-Michel] failed to prove [he] directed the removal of her property by a preponderance of the evidence." "Evidence is substantial . . . when a reasonable mind would accept it as adequate to reach a conclusion." *Falczynski v. Amoco Oil Co.*, 533 N.W.2d 226, 230 (Iowa 1995).

We have already discussed some of the evidence supporting a finding that Reed directed the removal of Weatherly-Michel's property from the storage unit. Substantial evidence supports the court's finding.

### IV.    Damages

Reed contends, "The court erred in finding Weatherly-Michel adequately proved her damages." "There is a recognized distinction between proof of the fact that damages have been sustained and proof of the amount of those damages." *State v. Roache*, 920 N.W.2d 93, 106 (Iowa 2018) (quoting *State v. Watts*, 587 N.W.2d 750, 752 (Iowa 1998)). "[I]f the uncertainty lies only in the amount of damages, recovery may be had if there is proof of reasonable basis from which the amount may be inferred." *Id.*

The district court stated Weatherly-Michel's "descriptions of her property" were "substantiated by excellent photographs"; "her explanation of why the property was in the storage unit was convincing"; and her "valuations [were] based upon reasonable replacement values." We agree with this assessment. Weatherly-Michel provided detailed descriptions of her belongings and their

values, including "an antique fudge maker for ice cream" and other items in her kitchen. She noted that she did not "have any pictures of [her] bedroom," but she "had furniture taken that was part of [her] bedroom suite," as well as items stored in a second bedroom. She described "three . . . book shelves full of movies." She provided a list of missing items with a description of each and the replacement cost. We discern no error in the district court's acceptance of her testimony.

The judgment against Reed is affirmed.

**AFFIRMED.**